IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD H. KOUNTZE, in his capacity as Trustee and on behalf of the Gilbert M. and Martha H. Hitchcock Foundation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TYLER B. GAINES, NEELY KOUNTZE, MARY KOUNTZE, JOHN WEBSTER, JOHN DOES 1–3, THOMAS R. BURKE, and GILBERT M. AND MARTHA H. HITCHCOCK FOUNDATION, a Nebraska nonprofit corporation,<br><br>　　　　　Defendants. | CASE NO. 8:07CV15<br><br>MEMORANDUM<br>AND ORDER |

　　The matters before the Court are (1) the Motion to Dismiss (Filing No. 19) filed by the Defendant Thomas Burke ("Burke"); (2) the Motion to Dismiss or Abstain from Jurisdiction Over Plaintiff's Lawsuit, or, in the Alternative, Stay Further Proceedings (Filing No. 22) filed by the Defendants Tyler Gaines, Neely Kountze, Mary Kountze, and John Webster (collectively "Trustee Defendants") and the Gilbert M. and Martha H. Hitchcock Foundation ("Foundation");[1] (3) the Supplemental Motion to Dismiss (Filing No. 25) filed by the Trustee Defendants and the Foundation; and (4) the Supplemental Motion to Dismiss (Filing No. 34) filed by Burke.  For the reasons stated below and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, I will treat Filing Nos. 25 and 34 as motions

---

[1] The Nebraska Supreme Court has stated that the Foundation "is a 501(c)(3) corporation under the Internal Revenue Code and is a public benefit corporation under the Nebraska Nonprofit Corporation Act." *Gilbert M. and Martha H. Hitchcock Found. v. Kountze*, 720 N.W.2d 31, 33 (Neb. 2006).

for summary judgment for lack of capacity to sue.  Since Filing Nos. 25 and 34 involve this Court's jurisdiction, the arguments set forth in Filing Nos. 19 and 22 will be stayed pending disposition of Filing Nos. 25 and 34.  The Plaintiff Edward Kountze ("Edward") will be ordered to file, within ten days of the filing of this Memorandum and Order, a brief and supporting evidence in opposition to Filing Nos. 25 and 34, consistent with this Memorandum and Order and NeCivR 56.1.

## Procedural History

On January 21, 2003, certain trustees of the Foundation — the Trustee Defendants in the action currently before this Court — filed a derivative action in Nebraska district court on behalf of the Foundation and against, among others, Edward.  Edward filed a counterclaim requesting, among other relief, removal of the Trustee Defendants from the Foundation's Board of Trustees.  On September 2, 2004, after a bench trial, the state district court entered an order removing only Edward from the Foundation's Board of Trustees.  The case was appealed to the Nebraska Supreme Court.

On December 8, 2004, Denman Kountze, Jr., filed an action with this Court against, among others, the Trustee Defendants, Burke, and the Foundation.  Denman Kountze alleged breaches of fiduciary duty and fraud, and sought money damages or disgorgement from the Trustee Defendants, and removal of the Trustee Defendants from the Foundation's Board of Trustees.  Before resolution of his case, Denman Kountze died, and his claims were dismissed without prejudice.  *See Kountze v. Gaines et al.*, 04 Civ. 616 (D. Neb. Nov. 7, 2005).

On August 18, 2006, the Nebraska Supreme Court issued its opinion regarding the appealed state district court case.  It found that the state district court lacked jurisdiction

because the plaintiffs had failed to provide notice to the Attorney General, as required by Nebraska statute. Consequently, that matter was reversed and remanded to the state district court. *Gilbert M. and Martha H. Hitchcock Found.*, 720 N.W.2d at 39. Also on appeal, but not discussed by the Nebraska Supreme Court, was the state district court's order removing Edward as trustee, and the state district court's failure to order removal of the Trustee Defendants as trustees. *See id.*

On December 5, 2006, the Attorney General sent a letter to the state district court declining to intervene in the state court proceedings.

On January 8, 2007, Edward filed the current action with this Court, alleging he has standing to bring the suit because he "is a Trustee of the Foundation. . . . [H]e holds more than five percent (5%) of the voting power of the Board of Trustees, and he serves personally as a member of the Foundation's Board." (Filing No. 1, p. 4 ¶ 8).[2] On March 2, 2007, Burke filed his Motion to Dismiss, and the Trustee Defendants and the Foundation filed their Motion to Dismiss or Abstain from Exercising Jurisdiction Over Plaintiff's Lawsuit, or, in the Alternative, Stay Further Proceedings.

---

[2] In a similar suit involving many of the same parties filed in this Court by Denman Kountze, Jr., I found that "[a]t the commencement of this action, [Denman] Kountze was the President and a Trustee of the Foundation. . . . [A]s the Foundation's President and Trustee of the Foundation, Kountze has the right under Neb. Rev. Stat. §21-1949 (Reissue 1997) — which is entitled "Derivative suits" — to bring this action, and he has Article III standing to do so." *Kountze v. Gaines et al.*, 04 Civ. 616 (D. Neb. Nov. 7, 2005). In that case, I found that the amount in controversy exceeded $75,000; that Denman Kountze was a resident of Florida; that the Foundation, a resident of Nebraska, should be aligned as a defendant; and that all of the other defendants were residents of Nebraska. Consequently, I found that this Court did have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

In this case, no party objects to this Court's subject matter jurisdiction. I note that Edward's Complaint alleges all Defendants are residents of Nebraska; however, I have not found where Edward alleges his own residency. Regardless, he does allege that this is a dispute arising between citizens of different states, and that the amount in controversy exceeds $75,000. I find that for purposes of this motion, the Court has jurisdiction under 28 U.S.C. § 1332.

On March 5, 2007, the state district court entered an order re-entering that court's previous order removing Edward from the Foundation's Board of Trustees. It appears that decision has been appealed and is currently without resolution.

Subsequent to the state district court's order reinstating its previous order, Burke and the Trustee Defendants and the Foundation filed supplemental motions to dismiss, arguing that Edward lacks standing and capacity to bring his current action. The Trustee Defendants and the Foundation argue that the state district court's order removed Edward's standing to bring his current action.[3] Burke similarly argues that the state district court's order removed Edward's standing to bring a derivative suit on behalf of the Foundation. Further, Burke relies on evidence that, regardless of the state district court's order, Edward's term as trustee expired in 2005 and consequently he lacked capacity to file a derivative lawsuit on behalf of the Foundation.[4] Finally, Burke argues that even if Edward had standing and capacity at the time of filing the current action, the most recent state district court order removed his ability *to continue* to prosecute his case. Edward has not filed a brief addressing the issues raised in either of the Defendants' supplemental motions to dismiss.[5]

---

[3] I further note that in the Trustee Defendants and Foundation's reply brief (Filing No. 32), filed on March 21, 2007, they argue "[Edward's] status as a Trustee is clear, if not by the state court order, then by the 2002 Annual Meeting of the Hitchcock Foundation as memorialized in the 2002 annual minutes; Edward has not been a Trustee of the Hitchcock Foundation since September of 2004, or at the very latest, January of 2005." (Filing No. 32, p. 4).

[4] Burke has relied on the minutes of the 2002 Annual Meeting of the Board of Trustees, which states that Edward's term as a trustee was only three years. There is no evidence currently before the Court demonstrating that Edward's term as trustee was extended beyond 2005.

[5] The Trustee Defendants and Foundation's supplemental motion was filed before Edward filed his brief in opposition to the Defendants' motions to dismiss, wherein Edward argues that "[s]ince no valid order removed Edward as a Trustee, his service was continuous." (Filing No. 28,

**Capacity to Sue**

The Defendants argue[6] that Edward lacked capacity to bring a derivative suit on behalf of the Foundation in 2007 because his term as trustee expired in 2005. They cite to Rule 17(b) of the Federal Rules of Civil Procedure and the Nebraska Nonprofit Corporation Act, Neb. Rev. Stat. § 21-1901 *et seq.* Rule 17(b) provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. R. Civ. P. 17(b). The Act provides that "[a] proceeding may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by: (i) Any member or members having five percent or more of the voting power or by fifty members, whichever is less; or (ii) any director." Neb. Rev. Stat. § 21-1949(a).[7]

---

p. 4 ¶ 7). The Trustee Defendants and Foundation's reply brief was filed after they filed their Supplemental Motion to Dismiss and brief in support, and after Edward filed his brief in opposition to the Defendants' motions to dismiss.

Burke's supplementary motion was filed after Edward filed his brief in opposition to the Defendants' motions to dismiss.

[6]As stated above, the Defendants make three arguments in their supplemental motions to dismiss: (1) Edward lacked standing to bring the current action because the state district court decision removed him as trustee effective September, 2004; (2) Edward lacked capacity to bring a derivative suit of behalf of the Foundation because his term as trustee expired in January, 2005; and (3) even if Edward properly filed the current action, the state district court decision removed his ability to continue to prosecute his case. However, I will at this time only discuss the second argument, as it does not involve the previous litigation currently on appeal.

[7] The Act provides the following definitions:

> Director means an individual, designated in the articles or bylaws or elected by the incorporators, and his or her successor and an individual elected or appointed by any other name or title to act as a member of the board.
>
> . . . .
>
> Member means (without regard to what a person is called in the articles or bylaws) any person or persons who on more than one occasion, pursuant to a provision of a corporation's articles or bylaws, have the right to vote for the election of a director or directors. . . . A person is not a member by

Edward has not filed a response to the Defendants' argument that his term as trustee expired in 2005. Pursuant to Rule 12(c), if a court decides to treat a motion to dismiss as a motion for summary judgment, the parties shall be given a reasonable opportunity to present all material made pertinent by such a decision. I will give Edward such an opportunity. In this response, Edward cannot rely solely on his well-pled Complaint. Instead, it is incumbent upon Edward to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

### Facts

Edward's Complaint, filed on January 8, 2007, avers that he "*is* a Trustee of the Foundation." (Filing No. 1, p. 4 ¶ 8 (emphasis added)). However, the Defendants have submitted evidence that Edward's term as trustee expired in 2005, and that at the time of

---

> virtue of any of the following:
>
> (i) Any rights such person has as a delegate;
>
> (ii) Any rights such person has to designate a director or directors; or
>
> (iii) Any rights such person has as a director.

Neb. Rev. Stat. § 21-1914 (9), (19).

6

filing this action, pursuant to Nebraska statute, he had no capacity to sue the Defendants of behalf of the Foundation.

As stated above, I will treat the supplemental motions to dismiss as motions for summary judgment. Rather than require the Defendants to re-file their respective motions as summary judgment motions to comply with the form requirements of NeCivR 56.1, I will set forth below the Defendants' alleged material facts (supported by evidence and reasonable inferences from that evidence) as I understand them. Edward shall respond to each such factual allegation pursuant to NECivR 56.1:

1. Edward Kountze was elected to the Foundation's Board of Trustees in 2002. (Filing No. 35, p. 2; Filing No. 33, Ex. 1 p. 1).

2. Edward Kountze's term of office was for three years. (*Id.*).

3. Edward Kountze's term of office expired in 2005. (*Id.*).

4. Edward Kountze was not a member of the Foundation's Board of Trustees on January 8, 2007. (*Id.*).

5. Edward Kountze is not presently a member of the Foundation's Board of Trustees. (*Id.*).

IT IS ORDERED:

1. The Motion to Dismiss (Filing No. 19) filed by the Defendant Thomas Burke is stayed pending resolution of his Supplemental Motion to Dismiss (Filing No. 34);

2. The Motion to Dismiss or Abstain from Jurisdiction Over Plaintiff's Lawsuit, or, in the Alternative Stay Further Proceedings (Filing No. 22) filed by the Defendants Tyler Gaines, Neely Kountze, Mary Kountze, John Webster, and

the Gilbert M. and Martha H. Hitchcock Foundation is stayed pending resolution of their Supplemental Motion to Dismiss (Filing No. 25); and

3. The Plaintiff Edward Kountze is ordered to file within ten days a brief and any supporting evidence in opposition to Filing Nos. 25 and 34 consistent with this Memorandum and Order and NECivR 56.1.

DATED this 24th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge