IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDWARD H. KOUNTZE, in his capacity as Trustee and on behalf of the Gilbert M. and Martha H. Hitchcock Foundation,<br><br>Plaintiff,<br><br>v.<br><br>TYLER B. GAINES, NEELY KOUNTZE, MARY KOUNTZE, JOHN WEBSTER, JOHN DOES 1–3, THOMAS R. BURKE, and GILBERT M. AND MARTHA H. HITCHCOCK FOUNDATION, a Nebraska nonprofit corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 8:07CV15<br><br><br><br>MEMORANDUM<br>AND ORDER |

The matters before the Court are (1) the Motion to Dismiss (Filing No. 19) filed by the Defendant Thomas Burke ("Burke"); (2) the Motion to Dismiss or Abstain from Jurisdiction Over Plaintiff's Lawsuit, or, in the Alternative, Stay Further Proceedings (Filing No. 22) filed by the Defendants Tyler Gaines, Neely Kountze, Mary Kountze, and John Webster (collectively "Trustee Defendants") and the Gilbert M. and Martha H. Hitchcock Foundation ("Foundation"); (3) the Supplemental Motion to Dismiss (Filing No. 25) filed by the Trustee Defendants and the Foundation; and (4) the Supplemental Motion to Dismiss (Filing No. 34) filed by Burke. For the reasons stated below, Filing Nos. 25 and 34 will be granted; Filing Nos. 19 and 22 will be dismissed as moot; and the Plaintiff Edward Kountze's ("Edward") Complaint (Filing No. 1) will be dismissed with prejudice.

**Procedural History**

A thorough recitation of the procedural history surrounding this case appears in my previous Memorandum and Order, filed on May 24, 2007 (Filing No. 43, pp. 2–4). Essentially, this case involves a dispute between trustee members of the Foundation. In January 2003, certain trustees of the Foundation — the Trustee Defendants in the action currently before this Court — filed a derivative action in Nebraska district court on behalf of the Foundation and against, among others, Edward. Edward filed a counterclaim requesting, among other relief, removal of the Trustee Defendants from the Foundation's Board of Trustees. On September 2, 2004, after a bench trial, the state district court entered an order removing only Edward from the Foundation's Board of Trustees. The case was appealed to the Nebraska Supreme Court.

In August 2006, the Nebraska Supreme Court reversed and remanded the case, finding that the district court should not have heard the merits of the case because proper notice had not been given to the Attorney General, as required by Nebraska statute. After such notice was given, the Attorney General declined to enter an appearance, and in March 2007, the district court reentered its previous order removing Edward as a trustee of the Foundation. However, in the months between the Nebraska Supreme Court remanding the state court case to the district court, and the district court reentering its previous order, Edward filed his current action with this Court.

Burke, and the Trustee Defendants and the Foundation, have filed motions to dismiss Edward's Complaint. They allege, among other grounds, that pursuant to the Nebraska Nonprofit Corporation Act, Neb. Rev. Stat. § 21-1901 *et seq.*, Edward lacked capacity to bring the current action. They state, with evidentiary support, that regardless

of the legitimacy of the district court's order removing Edward as trustee, his term of office as a trustee naturally expired in 2005, and he was therefore not a trustee when he filed the action currently before this Court.

In my previous Memorandum and Order, I found that the Defendants' motions should be treated as motions for summary judgment, and gave Edward an opportunity to respond with argument and evidentiary support to demonstrate how he did, in fact, have capacity to bring this action. Further, I set forth five numbered factual statements, and ordered that Edward respond to each numbered statement according to NECivR 56.1.[1]

Edward has filed a brief-in-opposition (Filing No. 44) pursuant to my Memorandum and Order. However, he did not specifically address any of the facts stated in my Memorandum and Order; rather, he submitted a "Statement of Controverted Facts," which states "Mr. Kountze has been a Trustee continuously since 1992" and "Mr. Kountze has standing because individually he *holds* more than five percent (5%) of the voting power of the Board of Trustees, and he *serves* personally as a Member of the Foundation's Board." (Filing No. 44, pp. 5–6 (emphasis added)). Nowhere in Edward's Statement of Controverted Facts is there a pinpoint reference to any affidavit, pleading, discovery response, or other material as required by NECivR 56.1. Consequently, I find that the

---

[1] NECivR 56.1 states that a party opposing a motion for summary judgment shall include in its brief a concise response to the statement of material facts. "The response shall address each numbered paragraph and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other material upon which the opposing party relies. Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." NECivR 56.1(b)(1) (emphasis in original).

Court's statement of facts has not been controverted, and I will deem them admitted pursuant to NECivR 56.1.

## Standard of Review

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.*, 445 F.3d 1106, 1109 (8th Cir. 2006) (quoting *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005))*.* The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not

significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted). Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

### Facts

Edward was elected to the Foundation's Board of Trustees in 2002. Edward's term as trustee was for three years. Edward's term as trustee expired in 2005. Edward was not a member of the Foundation's Board of Trustees on January 8, 2007. Edward is not presently a member of the Foundation's Board of Trustees.

### Discussion

As stated in my previous Memorandum and Order, Rule 17(b) of the Federal Rules of Civil Procedure and the Nebraska Nonprofit Corporation Act, Neb. Rev. Stat. § 21-1901 *et seq.*, govern disposition of the current action.[2] Rule 17(b) provides that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed. R. Civ. P. 17(b). The Nebraska Nonprofit Corporation Act provides that "[a] proceeding may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by: (i) Any member or members having five percent or more of the voting power or by fifty members, whichever is less; or (ii) any director." Neb. Rev. Stat.

---

[2]The Nebraska Supreme Court has stated that the Foundation "is a 501(c)(3) corporation under the Internal Revenue Code and is a public benefit corporation under the Nebraska Nonprofit Corporation Act." *Gilbert M. and Martha H. Hitchcock Found. v. Kountze*, 720 N.W.2d 31, 33 (Neb. 2006). Accordingly, I look to Neb. Rev. Stat. § 21-1901 *et seq.*, specifically § 21-1949, for the jurisdictional requirements.

5

§ 21-1949(a).[3]  Edward was not a trustee of the Foundation at the time he filed this suit, and he is not currently a trustee of the Foundation.  There are no issues of material fact — under Nebraska law, Edward did not have, and remains without, sufficient capacity, and this Court is without proper jurisdiction.[4]  Accordingly,

IT IS ORDERED:

1.　　Filing Nos. 25 and 34 are granted;

---

[3]The Act provides the following definitions:

> Director means an individual, designated in the articles or bylaws or elected by the incorporators, and his or her successor and an individual elected or appointed by any other name or title to act as a member of the board.
>
> . . . .
>
> Member means (without regard to what a person is called in the articles or bylaws) any person or persons who on more than one occasion, pursuant to a provision of a corporation's articles or bylaws, have the right to vote for the election of a director or directors. . . .  A person is not a member by virtue of any of the following:
>
> (i) Any rights such person has as a delegate;
>
> (ii) Any rights such person has to designate a director or directors; or
>
> (iii) Any rights such person has as a director.

Neb. Rev. Stat. § 21-1914 (9), (19).

[4]I note that an affidavit signed by Edward, submitted with but not cited by his brief-in-opposition, states that the "decision of the [Nebraska] Supreme Court nullified the district court decision removing me from the Board. This means I was reinstated to the Board and remained on it until after this lawsuit was filed." (Affidavit of Edward H. Kountze, Filing No. 45, Ex. 2 ¶ 6).

The Defendants have produced evidence that Edward's term as trustee expired in 2005. Regardless of the merits, continuation, and eventual disposition of the state court case, *i.e.*, *even if the district court decision removing him as of September 2004 is void*, he has produced no evidence that the natural expiration of his term as trustee was extended beyond 2005. In other words, while it is true that the Nebraska Supreme Court remanded to the district court the decision removing him in September 2004, the Nebraska Supreme Court did not *reinstate* Edward as a trustee effective August 2006.

2. Filing Nos. 19 and 22 are dismissed as moot;

3. The Plaintiff Edward Kountze's Complaint (Filing No. 1) is dismissed with prejudice; and

4. A separate judgment will be entered.

DATED this 6th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge